McClendon, j.
I ¡.Appellant seeks review of a judgment that sustained an exception raising the objection of res judicata and dismissed its deficiency judgment action. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
In 2009, Citizens Savings Bank (“Citizens”) filed an executory process foreclosure suit, naming G & C Development, L.L.C., Matthew L. Gallagher, Michelle[1] Oubre Gallagher, Joseph L. Crowton, and Susan Bourque Crowton (“appellees”) as defendants (Tangipahoa Parish docket # 2009-0003646). On January 13, 2010, at the foreclosure sale, Citizens purchased the property securing the loan. The purchase price was far less than the amount owed on the loan, resulting in a deficiency.
On January 21, 2010, appellees filed suit against Citizens seeking a declaratory judgment that Citizens had no further right to recovery under the promissory note. In the same suit, appellees also sought to rescind the sale (Washington Parish docket # 100,250). Following a trial on the merits, the trial court signed a judgment in the declaratory judgment/rescission action on August 5, 2011.[2] No appeal was taken from that judgment.
During the pendency of the Washington Parish declaratory judgment/rescission action referenced above, on March 11, 2010, Citizens filed a separate lawsuit for a deficiency judgment against appellees (St. Tammany Parish docket number 2010-11653). In response, appellees filed an exception raising the objection of lis pen-dens, asserting that Citizens’ claim was a compulsory counterclaim that had to be brought in the declaratory judgment/rescission action. After the trial court denied appellees’ exception, appellees sought supervisory writ review from this court. On October 14, 2010, this court granted appellees’ writ as follows:
Is WRIT GRANTED. This matter is on the same transaction or occurrence, and between the same parties in the same capacities as the matter of Michelle Ou-bre Gallagher, Matthew L. Gallagher, Susan Bourque Crowton, Joseph L. Crowton, and G & C Development, *1087 L.L.C. versus Citizens Savings Bank, pending in Division “H” of the 22nd Judicial District Court for Washington Parish, as Docket No. 100,250. Therefore, the trial court’s judgment denying relators’ declinatory exception of lis pen-dens is reversed. Judgment is hereby rendered granting defendants’, G & C Development, L.L.C., Matthew L. Gallagher, Michelle Oubre Gallagher, Joseph L. Crowton, and Susan Bourque Crow-ton, exception of lis pendens and dismissing the plaintiffs suit without prejudice.
Citizens Savings Bank v. G & C Development, 2010-1289 (La.App. 1 Cir. 10/14/10)(unpublished writ action).
Citizens did not assert its claim for deficiency in a reconventional demand in Washington Parish docket # 100,250. Rather, on November 10, 2011, Citizens refiled its petition for a deficiency judgment as a new suit (St. Tammany Parish docket number 2011-16395). In response, appellees filed an exception raising the objection of res judicata. Following a hearing and after taking the matter under advisement, the trial court sustained the appellees’ exception and dismissed Citizens’ suit with prejudice.
Citizens has appealed, assigning the following errors:
1. The Trial Court erred in holding that the judgment in the declaratory proceeding was a final judgment within the contemplation of [LSA-R.S.] 13:4281.
2. The Trial Court erred in failing to recognize that an action for a declaratory judgment is exempt from the strictures of [LSA-R.S.] 13:4231.
DISCUSSION
Louisiana Revised Statutes 13:4231, entitled Res judicata, provides:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are ^extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
Res judicata does not apply “[w]hen the judgment dismissed the first action without prejudice.” LSA-R.S. 13:4232A(2). See also LSA-C.C.P. art. 1673.[3]
Additionally, LSA-C.C.P. art 1061B provides that “[t]he defendant in the principal action ... shall assert in a reconventional demand all causes of action that he may have against the plaintiff that arise out of the transaction or occurrence that is the subject matter of the principal action.” If the defendant has a cause of action arising out of the subject matter of the plaintiff’s *1088 action, then the defense of res judicata will prevent relitigation of issues common to both causes of action except as otherwise provided by law. The requirement of a compulsory reconventional demand therefore also serves the interest of fairness by giving the defendant notice that he must assert his related cause of action. LSA-C.C.P. art. 1061, official comment (b).
In its first assignment of error, Citizens contends that the trial court erred in concluding that the judgment in the Washington Parish declaratory judgment/rescission action was both “valid and final” insofar as the judgment did not specifically indicate that the claims were dismissed “with prejudice.” Citizens asserts that because the judgment entered did not include the “with prejudice” declaration, the judgment is presumed to have been dismissed without prejudice. See Lavespere v. Lavespere, 08-0903, 2008 WL 4908760, p. 2 (La.App. 1 Cir. 11/14/08) (unpublished opinion). Since the Washington Parish judgment at issue did not specifically dismiss the claims “with prejudice,” Citizens concludes that res judicata does not apply.
| ^Louisiana Code of Civil Procedure article 1844, which addresses the effect of a judgment of dismissal, provides that a judgment of dismissal with or without prejudice shall be rendered and the effects thereof shall be regulated in accordance with the provisions of Articles 1671 through 1673. Louisiana Code of Civil Procedure articles 1671 and 1672 involve voluntary and involuntary dismissals, respectively. Louisiana Code of Civil Procedure article 1673 provides that “[a] judgment of dismissal with prejudice shall have the effect of a final judgment of absolute dismissal after trial. A judgment of dismissal without prejudice shall not constitute a bar to another suit on the same cause of action.” Accordingly, LSA-C.C.P. arts. 1671 through 1673 provide a system to determine whether certain dismissals prior to a trial on the merits are to be with or without prejudice. The articles, when read in pari materia, dictate that dismissals after trials on the merits, however, are to be with prejudice. Cf. Vega v. Wal-Mart Stores, Inc., 03-2239 (La.App. 1 Cir. 9/17/04), 888 So.2d 242, 243 (“Just as it is erroneous to grant a dismissal without prejudice after a trial on the merits, it is erroneous to grant a dismissal without prejudice pursuant to the granting of a motion for summary judgment”)
Unlike the judgment in Lavespere, which dismissed an action due to the plaintiffs failure to appear on the day of trial, the Washington Parish judgment at issue was rendered following a trial on the merits and determined the merits of all issues the parties brought before it. Under these circumstances, we conclude that the judgment had the effect of a dismissal with prejudice. Accordingly, Citizens’ first assignment of error is without merit.
In its second assignment of error, Citizens contends that it could not proceed with its deficiency judgment action until the suit for declaratory judgment, seeking a declaration that the sheriffs sale was null and ordering rescission, was complete. Citizens avers that until such time it could not be assured of the validity of its cause of action.
Citizens contends that this approach is entirely consistent with the declaratory judgment procedure, which provides that “[fjurther relief on a | fideclaratory judgment or decree may be granted whenever necessary or proper.” LSA-C.C.P. art. 1878. Citizens avers that pursuing the deficiency action after such rights are declared is consistent with the purpose and mode of application of the declaratory judgment articles, as articulated in LSA-C.C.P. art. 1881 as follows:
Articles 1871 through 1883 are declared to be remedial. Their purpose is *1089 to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations, and they are to be liberally construed and administered.
Citizens concludes that after having uncertainty removed by declaratory judgment, it properly moved forward to consummate its collection process by filing its petition for deficiency judgment.
A declaratory judgment action is designed to provide a means for adjudication of rights and obligations in cases involving an actual controversy that has not reached the stage where either party can seek a coercive remedy. Chauvet v. City of Westwego, 599 So.2d 294, 296 (La.1992). The function of a declaratory judgment is simply to establish the rights of the parties or express an opinion of the court on a question of law without ordering anything to be done. ANR Pipeline Co. v. Louisiana Tax Comm’n, 01-2594, p. 9 (La.App. 1 Cir. 8/20/02), 815 So.2d 178, 185, affirmed and remanded, 02-1479 (La.7/2/03), 851 So.2d 1145. In their suit, appellees, in addition to seeking a declaratory judgment that Citizens has no right to further recovery under the promissory note, also sought to rescind the sale. Accordingly, appel-lees’ suit sought more than a mere declaration of rights.
This court, in granting appellees’ exception raising the objection of lis pen-dens, concluded that Citizens’ deficiency judgment action was “on the same transaction or occurrence, and between the same parties in the same capacities” as appel-lees’ declaratory judgment/reseission lawsuit. We note that the requirements for establishing lis pendens conform to the requirements of res judicata, and the test for lis pendens is whether a final judgment in the first suit would be res judicata in the subsequently filed suit. Code v. Department of Public Safety and Corrections, 2011-1282, p. 4 (La.App. 1 Cir. 10/24/12), 103 So.3d 1118, 1125. Under La.R.S. 13:4231, res judicata bars relitigation of a subject matter arising from the same transaction or occurrence as a previous suit. In determining whether this requirement is met, the crucial inquiry is not whether the second suit is based on the same cause of action as the first suit, but whether the second suit asserts a cause of action that arises out of the same transaction or occurrence that was the subject matter of the first suit. Id.
Because Citizens’ deficiency judgment is on the same transaction or occurrence and between the same parties in the same capacities as appellees’ declaratory judgment/rescission lawsuit, Citizens’ cause of action was extinguished upon its failure to assert its claims in reconvention in the declaratory judgment/rescission lawsuit. LSA-R.S. 13:4231.[4] Accordingly, we find no error in the district court granting appellees’ exception raising the objection of res judicata.
CONCLUSION
For the foregoing reasons, the judgment of the district court is affirmed. Costs of this appeal are assessed to Citizens Savings Bank.
AFFIRMED.

. Throughout parts of the record, defendant Michelle Oubre Gallagher’s first name is misspelled "Mechelle,”

. Although the Washington Parish court, in its written reason for judgment, specifically indicated that the action was dismissed "with prejudice at the cost of plaintiffs,” the written judgment was silent as to whether it dismissed the claims with or without prejudice.

. Louisiana Code of Civil Procedure article 1673 provides:
A judgment of dismissal with prejudice shall have the effect of a final judgment of absolute dismissal after trial. A judgment of dismissal without prejudice shall not constitute a bar to another suit on the same cause of action.

. To allow the institution of a separate suit when the reconventional demand pursuant to LSA-C.C.P. art. 1061B is compulsory would not promote the judicial economy and efficiency the legislature sought to promote in broadening the scope of the res judicata doctrine.