HIGGINBOTHAM, J.
This dispute is one of many related to the ongoing Bayou Corne sinkhole litigation in Assumption Parish, Louisiana. The specific issue in this particular appeal concerns an insurance policy exclusion for business activities, and a related incidental-business exception to the exclusion, found in a homeowners' policy that was issued to the owner of a small non-operating interest in an oil and gas well lease. This same issue with the same parties was before this court in a recent appeal, Labarre, et al v. Occidental Chemical Co. and Texas Brine Co., LLC, et al, 2017-1370 (La. App. 1st Cir. 06/04/18), 251 So.3d 1092, 2018 WL 2676591, which originated out of a different trial court number and was rendered by a different trial court judge in the Twenty-Third Judicial District Court (23rd JDC) No. 33,796. In Labarre , this court ultimately reversed the grant of summary judgment rendered in favor of the homeowners' insurer. We are bound to follow the Labarre decision under the "law of the circuit doctrine" that requires us to follow our prior decisions. See Graves v. Businelle Towing Corp., 95-1999 (La. App. 1st Cir. 4/30/96), 673 So.2d 311, 315. Because the same issues have already been discussed in depth in Labarre , we issue this concise memorandum opinion in accordance with Uniform Rules-Courts of Appeal, Rule 2-16.1(B).
BRIEF FACTUAL AND PROCEDURAL HISTORY
Texas Brine Company, LLC, along with several other defendants, has been sued in *646 a number of related sinkhole cases filed separately in the 23rd Judicial District Court. In turn, Texas Brine filed numerous third-party demands in each of the various cases against many insurers of oil and gas parties in the underlying sinkhole litigation. In all of the third-party demands, Texas Brine basically claims that the oil and gas parties (alleged joint operators and co-lessees) connected with the commercial drilling operations of the Hooker # 1 Well, and their insurers, were responsible for the large sinkhole that developed when the site of a former salt brine well, known as Oxy Geismar Well No. 3 (OG3), collapsed on August 3, 2012, at Bayou Corne, near Napoleonville, Louisiana.
One of the third-party defendant insurers that was brought into the litigation by Texas Brine was National Surety Corporation. National Surety had issued homeowners' policies (primary and excess) to its insured, Sol Kirschner. The policies covered the time period when the sinkhole developed. Mr. Kirschner was brought into the litigation as a third-party defendant due to his previous ownership of a 2.25% working interest, after payout, in the commercial drilling operations of the Hooker # 1 Well. Mr. Kirschner's working interest was governed by a 1985 lease agreement. In 2001, Mr. Kirschner assigned his interest in the well to another leaseholder that is not involved in this particular appeal.
National Surety filed a motion for summary judgment against Texas Brine on June 23, 2017, maintaining that the undisputed material facts reveal that the homeowners' policies covered Mr. Kirschner's home in Dallas, Texas, and certain contents of the house, as well as personal liability, but that the policies clearly excluded coverage for any personal liability arising out of Mr. Kirschner's business activities. Additionally, National Surety argued that an exception to the business activities' exclusion was not triggered since the policies did not cover any of Mr. Kirschner's interest in the commercial drilling operations at the Hooker # 1 Well as an incidental business.
In support of its motion, National Surety relied on multiple affidavits executed by its attorney of record, Thear J. Lemoine, with attached documents, an affidavit of Erika Aljens, an authorized claims handler for National Surety, with attachments of the National Surety policies, and an affidavit of Michael P. Sapourn, with his expert report attached, offering his opinion that the National Surety policies did not cover liability for Mr. Kirschner's business activity of energy drilling, because it did not constitute an incidental business as defined in the policies. There was no objection made to any of National Surety's summary judgment evidence, including the expert testimony of Mr. Sapourn. National Surety's arguments and evidence are exactly the same as what was asserted and offered in the Labarre case, where a different trial court judge ruled in favor of National Surety and dismissed Texas Brine's claims against National Surety. Relying on the Labarre ruling, National Surety also raised an exception of res judicata in this case.
Texas Brine opposed National Surety's exception and motion for summary judgment, relying on an affidavit of their rebuttal expert, Peter Knowe, with his attached expert report opining that National Surety's policies covered Texas Brine's damage claims. Additionally, Texas Brine offered an affidavit of Mr. Kirschner's wife and the deposition testimony of National Surety's expert, Mr. Sapourn, asserting that there are genuine issues of material fact concerning the ambiguous incidental business exception to the business activities exclusion in the National Surety policies. Again, these are the same arguments and evidence *647 offered in opposition to the motion for summary judgment in the Labarre case. Texas Brine further argued that the Labarre case did not involve a final judgment; thus, res judicata had no preclusive effect in this case.
In a reply memorandum to Texas Brine's opposition, National Surety raised an objection to all of the experts' opinions, including their own expert's opinion regarding alleged ambiguities in the policies and the proper interpretation to be given to the insurance policies. However, the record does not reveal that any hearing or argument ever took place regarding the merits of any objections to the experts' opinions or the admissibility of the opinions.[1] Thus, in the record before us, it appears that the trial court considered all of the evidence offered by the parties in this case, because all of the evidence was admitted at the hearing on the motion for summary judgment, without objection, when offered by counsel for National Surety. The trial court ultimately overruled National Surety's exception of res judicata, and then granted National Surety's motion for summary judgment, dismissing Texas Brine's claims against National Surety on August 21, 2017. Texas Brine appealed and assigned six errors, focusing on the trial court's interpretation of the National Surety policies, exclusions, and exceptions to the exclusions; but none of the assigned errors concerned the qualifications of the experts, the reasoning or methodology of the experts, or the trial court's apparent consideration of the experts' opinion testimony.
LAW AND ANALYSIS
In Labarre, 251 So.3d at ----, this court held that National Surety did not carry its burden of proving that the incidental business exception to the business activities exclusion in the policies applied, because the summary judgment evidence submitted by National Surety was inadequate to determine whether Mr. Kirschner had any employees or what income he had grossed annually from his working interest in the Hooker # 1 Well. Thus, this court determined in Labarre that the burden never shifted to Texas Brine, and there was insufficient evidence to determine whether the National Surety policies excluded or provided personal liability coverage to Mr. Kirschner. We find the same to be true in this case, since the same evidence was submitted in support of and in opposition to summary judgment. We note, however, that even if we had found in Labarre that the burden shifted to Texas Brine, the only evidence submitted in opposition to National Surety's motion for summary judgment consisted of conclusory statements made by an opposing rebuttal expert. The competing experts' opinions clearly created material issues as to the ultimate facts in the case, regarding whether the incidental business exception to the business activities exclusion in National Surety's policies applied.
As in Labarre, the competing experts' opinions in this case are devoid of specific underlying facts to support any conclusion regarding the insurance policies' exclusions and/or exceptions. Although under current law we are statutorily *648 obligated, pursuant to La. Code Civ. P. art. 966(D)(2), to consider the experts opinions when no objection is made by the parties, the law is well settled that those opinions must contain more than conclusory assertions that require credibility determinations about ultimate legal conclusions. See Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181 (La. 2/29/00), 755 So.2d 226, 233. See also Thompson v. Center for Pediatric and Adolescent Medicine, L.L.C., 2017-1088 (La. App. 1st Cir. 3/15/18), 244 So.3d 441, 445, 2018 WL 1324414, *5 (the experts' opinions, regardless of how conclusory, must be considered if not excluded pursuant to an objection). Summary judgments declaring a lack of coverage under an insurance policy may not be rendered unless there is no reasonable interpretation of the policy under which coverage could be afforded when applied to the undisputed material facts shown by the evidence. Reynolds v. Select Properties, Ltd., 93 - 1480 (La. 4/11/94), 634 So.2d 1180, 1183. In this case, it is clear that material issues remain as to the underlying facts suggested in each of the competing experts' opinions. For this reason, summary judgment granted in favor of National Surety is precluded and the dismissal of Texas Brine must be reversed, just as was done in the Labarre case.
As for National Surety's peremptory exception raising the objection of res judicata, we initially note that National Surety did not answer this appeal. However, res judicata may be noticed and supplied by an appellate court on its own motion. See La. Code Civ. P. art. 927(B). It is well settled law that a valid and final judgment is conclusive between the same parties, except on appeal or other direct review. La. R.S. 13:4231. The Labarre case is not a final and definitive judgment until the supreme court denies any possible application for certiorari or the delays run for applying for certiorari and/or rehearing. See La. Code Civ. P. art. 2166(D) and (E). See also Avenue Plaza, L.L.C. v. Falgoust, 96-0173 (La. 7/2/96), 676 So.2d 1077, 1079. A final judgment from which there can be no appeal acquires the authority of a thing adjudged. Id. Once a final judgment acquires the authority of a thing adjudged, no court has jurisdiction to change the judgment, regardless of the magnitude of any final judgment's error. Tolis v. Board of Sup'rs of Louisiana State University, 95-1529 (La. 10/16/95), 660 So.2d 1206, 1206-07 (per curiam). The Labarre judgment has not yet acquired the authority of a thing adjudged. Therefore, the trial court did not err in overruling National Surety's peremptory exception raising the objection of res judicata.
Finally, the record reflects that approximately one month after the summary judgment at issue was rendered in this case, National Surety's insured, Mr. Kirschner, was dismissed from the third-party breach of contract claims asserted by Texas Brine. While the dismissal of National Surety's insured raises the question of whether this particular case is moot since it may no longer present a justiciable controversy, we note that the judgment dismissing National Surety's insured has not yet acquired the authority of a thing adjudged. Thus, we are not able to make a judicial pronouncement that the actual controversy has lapsed in this case and therefore, this memorandum opinion does not constitute an impermissible advisory opinion. See Joseph v. Ratcliff, 2010-1342 (La. App. 1st Cir. 3/25/11), 63 So.3d 220, 225. Further, we decline to stay this case or abstain from exercising jurisdiction over this matter pending completion of the appellate process concerning the dismissal of National Surety's insured. No party has requested a stay of the proceedings at the trial court level or from this appellate court. See Uniform Rules-Courts of Appeal, Rule 4-4.
*649 CONCLUSION
For the stated reasons, the August 21, 2017 judgment is affirmed in part and reversed in part. The trial court's overruling of the peremptory exception raising the objection of res judicata is affirmed; however, the summary judgment on behalf of third-party defendant/appellee, National Surety Corporation, and dismissing the claims of defendant/third-party plaintiff/appellant, Texas Brine Company, LLC, is reversed. This case is remanded to the trial court for further proceedings consistent with this opinion. All costs of this appeal are assessed equally between third-party defendant/appellee, National Surety Corporation, and defendant/third-party plaintiff/appellant, Texas Brine Company, LLC.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
Holdridge, J. concurs for the reasons assigned.
I concur in the result. While I believe the dismissal of Mr. Kirschner makes this matter moot, I recognize that the dismissal judgment is on appeal and is not yet final and definitive. Therefore, I am in agreement with reversing the trial court's judgment and remanding this matter back to the trial court. In the event that the appellate or supreme court reverses the trial court's judgment and allocates a percentage of fault to Mr. Kirschner, National Surety Corporation may re-urge its motion for summary judgment. If the judgment of the trial court is not reversed, then the judgment dismissing Mr. Kirschner is final and Texas Brine's claim becomes moot.

Louisiana Code of Civil Procedure article 966(D)(2) states that, "The court may consider only those documents filed in support of or in opposition to the motion for summary judgment and shall consider any documents to which no objection is made. Any objection to a document shall be raised in a timely filed opposition or reply memorandum. The court shall consider all objections prior to rendering judgment. The court shall specifically state on the record or in writing which documents, if any, it held to be inadmissible or declined to consider."