# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

## 2020 CA 0268

## THE UMBRELLA INVESTMENT GROUP, L.L.C., LAWRENCE Q. ROBERTSON, MICCO D. JOHNSON, JARMARRITT ALEXIS, EUGENE PIERRE STEIB, VALVENIA R. JOSEPH, LEONARD ROBERTSON, III, GREGORY WILLIAMS, AND DETRELL EDMONDS

## VERSUS

## PEDESTAL BANK (formerly Coastal Commerce Bank), A/K/A PEDESTAL BANCSHARES, INC.

*PMc by JEW*
*WRC by JEW*

**Judgment Rendered:** **FEB 1 8 2021**

* * * * * *

On Appeal from the Thirty-Second Judicial District Court
In and for the Parish of Terrebonne
State of Louisiana
Docket No. 185288, Div. E

Honorable Randall L. Bethancourt, Judge Presiding

* * * * * *

Nelson Dan Taylor, Sr.
Thibodaux, Louisiana

Counsel for Plaintiffs/Apellants
The Umbrella Investment Group, L.L.C., *et al.*

William A. Eroche
Houma, Louisiana

Counsel for Defendant/Appellee
Pedestal Bank (formerly Coastal Commerce Bank), A/K/A Pedestal Bancshares, Inc.

* * * * * *

BEFORE: McCLENDON, WELCH, AND CHUTZ, JJ.

*JEW*
*Welch, J. concurs in result*

**McCLENDON, J.**

Appellants appeal a judgment of the trial court that granted appellee's declinatory exception raising the objection of *lis pendens* and peremptory exception raising the objection of no cause of action and dismissed plaintiffs' claims. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

On April 27, 2018, Pedestal Bank (Pedestal)[1] commenced a foreclosure proceeding by filing a petition for executory process in Lafourche Parish (the first filed suit). Pedestal named as defendants The Umbrella Group, L.L.C. (Umbrella Group); Lawrence Q. Robertson; Micco D. Johnson; Jarmarritt Alexis; Eugene Pierre Steib; Valvenia R. Joseph; Leonard Robertson, III; Gregory Williams; and Detrell Edmonds. Pedestal alleged that Pedestal was the holder and owner of a November 26, 2014 promissory note in the principal amount of one hundred ninety-eight thousand nine hundred and seventy dollars ($198,970.00), executed by the Umbrella Group in favor of Pedestal.[2] Pedestal maintained that the note was secured by a multiple indebtedness mortgage in certain immovable property located in Assumption Parish, Louisiana, and by commercial guaranty contracts individually executed by Robertson, Johnson, Alexis, Steib, Joseph, Robertson, Williams, and Edmonds (collectively, "Umbrella Group guarantors"). Pedestal further alleged that it was entitled to enforce the promissory note because the Umbrella Group and the Umbrella Group guarantors (collectively, "appellants") had failed to make the monthly payments since November 27, 2017.[3]

The trial court granted judgment in favor of Pedestal and against appellants, and ordered the issuance of a writ of seizure and sale that commanded the Sheriff of Assumption Parish to seize and sell the collateral property. The corresponding seizure and sale occurred on October 31, 2018, and resulted in a sale price that was less than

[1] We note that Pedestal Bank was formerly known as "Coastal Commerce Bank" and is currently known as "b1Bank," and that Pedestal Bancshares, Inc. is currently known as "Business First Bancshares, Inc." We refer to these entities as Pedestal and Pedestal Bancshares, Inc., respectively, throughout our opinion for consistency and ease of reference.

[2] The original note and a certified copy of the mortgage previously recorded in the mortgage records of Assumption Parish were attached.

[3] Pedestal also asserted that the Umbrella Group violated the terms of the mortgage on April 14, 2015, by donating its interest in the property to Umbrella Group guarantor Alexis, without the knowledge or consent of Pedestal.

2

appellants' indebtedness. Thus, on January 10, 2019, after appellate delays had run, Pedestal mailed certified letters to the Umbrella Group guarantors specifying the calculation of the remaining deficiency as one hundred ninety six thousand six hundred and eighty-nine dollars and forty-two cents ($196,689.42).

On March 7, 2019, appellants filed suit in Terrebonne Parish (the second filed suit) against "[Pedestal Bank (formerly Coastal Commerce Bank), A/K/A Pedestal Bancshares, Inc." At the outset, we observe that the second filed suit did not identify Pedestal Bancshares, Inc. as an additional defendant. To the contrary, and as reflected above, the only capacity in which the second filed suit referenced Pedestal Bancshares, Inc. was as a potential alias for Pedestal.

The second filed suit asserted that the promissory note was to be paid in thirty-five regular payments and one irregular last payment, with the expectation that the note would be renewed upon satisfactory payments of the initial thirty-five payments. Appellants maintained that after the first thirty-five payments were made, they were advised that the note would be renewed "except that Pedestal now required special flood hazard insurance required by the Department of Homeland Security, Federal Emergency Management Agency (FEMA), pursuant to the Flood Disaster Protection Act of 1973." Appellants claimed that Pedestal knew that the collateral property was located in a flood hazard zone at the time the loan was made; that Pedestal knew that the cost of flood insurance would cause the loan to be prohibitive for appellants; and that Pedestal deliberately failed to disclose this information in order to induce appellants to enter the loan contracts. Appellants asserted that the alleged conduct constituted a breach of contract, and sought damages for breach of contract, fraud, and unfair trade practices in the execution of the loan contracts.

In response to the second filed suit, Pedestal filed a declinatory exception raising the objection of *lis pendens* and a peremptory exception raising the objection of no cause of action on March 28, 2019. Regarding the objection of *lis pendens*, Pedestal argued that it was entitled to dismissal of the second filed suit because it arose from the same transaction or occurrence, between the same parties, in the same capacities, as the first filed suit. Regarding the objection of no cause of action, Pedestal stated that

3

the objection was raised as to Pedestal Bancshares, Inc. out of an abundance of caution, because the second filed suit incorrectly identified "Pedestal Bank (formerly Coastal Commerce Bank), A/K/A Pedestal Bancshares, Inc." as the defendant. Pedestal maintained that Pedestal Bancshares, Inc. is a separate and distinct entity that was not a party to, nor referenced in, the loan contracts. Pedestal submitted a Certificate of Consolidation as an exhibit to confirm the consolidation of Coastal Commerce Bank and Pedestal. Pedestal also referred the trial court to the Louisiana Secretary of State's Commercial Division public records to confirm that Pedestal Bancshares, Inc. is a holding company of Pedestal and performs no actual banking activities.

Appellants did not file any written opposition to Pedestal's exceptions in the second filed suit. Appellants also failed to appear at the June 14, 2019 hearing of Pedestal's exceptions. The trial court executed a written judgment that granted both exceptions and dismissed appellants' claims in the second filed suit on June 26, 2019.[4]

On June 19, 2019, Pedestal filed a supplemental petition for a deficiency judgment after foreclosure in the first filed suit, and thereby converted the first filed suit to an ordinary proceeding. In response, appellants answered the supplemental petition, and asserted reconventional demands therein, on July 31, 2019. Appellants' answer to the supplemental petition in the first filed suit repeated the facts and claims that appellants had previously pled in the second filed suit: that the foreclosure proceeding and the subsequent petition for deficiency judgment were "products of unlawful fraud and ill practices, unfair and deceptive trade practices, breach of fiduciary duty, and deliberate misrepresentation of facts to induce the loan/property transaction by [Pedestal] that is the subject matter of these proceedings."

On July 22, 2019, appellants filed a motion for new trial regarding the June 26, 2019 judgment that granted the objections of *lis pendens* and no cause of action and dismissed the second filed suit. Pedestal opposed the motion for new trial. The motion for new trial was denied in open court during a September 27, 2019 hearing, and a

---

[4] The June 26, 2019 written judgment granting the objections of *lis pendens* and no cause of action is silent regarding whether the dismissal is with or without prejudice. When a judgment is silent as to whether it is being dismissed with or without prejudice, the dismissal must be without prejudice. **Collins v. Ward**, 2015-1993 (La.App. 1 Cir. 9/16/16), 204 So.3d 235, 239.

4

written judgment that confirmed the ruling was executed the same day. This appeal followed.

## DISCUSSION

The Louisiana Supreme Court has directed us to consider an appeal of the denial of a motion for new trial as an appeal of the judgment on the merits, when it is clear from the appellant's brief that the appeal was intended to be on the merits of the case. **Carpenter v. Hannan**, 2001-0467 (La.App. 1 Cir. 3/28/02), 818 So.2d 226, 228-229, writ denied, 2002-1707 (La. 10/25/02), 827 So.2d 1153. Appellants have appealed the September 27, 2019 judgment that denied the motion for new trial in the second filed suit. However, appellants' brief challenges only the trial court's June 26, 2019 judgment that granted Pedestal's objections of *lis pendens* and no cause of action and dismissed appellants' claims in the second filed suit. Thus, it is plain that appellants truly intended to appeal the June 26, 2019 judgment that dismissed their suit, and we consider this appeal as an appeal of that judgment. See **Nelson v. Teachers' Retirement System of Louisiana**, 2010-1190 (La.App. 1 Cir. 2/11/11), 57 So.3d 587, 589, n.2.

Louisiana Code of Civil Procedure article 531 codifies the doctrine of *lis pendens*, and provides as follows:

> When two or more suits are pending in a Louisiana court or courts on the same transaction or occurrence, between the same parties in the same capacities, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925. When the defendant does not so except, the plaintiff may continue the prosecution of any of the suits, but the first final judgment rendered shall be conclusive of all.

The party pleading *lis pendens* has the burden of proving the facts necessary for the exception to be granted. **Crosstex Energy Services, LP v. Texas Brine Co., LLC**, 2018-1323 (La.App. 1 Cir. 8/8/19), 282 So.3d 234, 236. The requirements for establishing *lis pendens* conform to the requirements of *res judicata*. Thus, the test for *lis pendens* is whether a final judgment in the first suit would be *res judicata* in the subsequently filed suit. **Robbins v. Delta Wire Rope, Inc.**, 2015-1757 (La.App. 1 Cir. 6/3/16), 196 So.3d 700, 705. In determining whether this requirement is met, the crucial inquiry is not whether the second suit is based on the same cause of action as the first suit, but whether the second suit asserts a cause of action that arises out of

the same transaction or occurrence that is the subject matter of the first suit. **Citizens Savings Bank v. G & C Development, L.L.C.,** 2012-1034 (La.App. 1 Cir. 2/15/13), 113 So.3d 1085, 1089.

Appellants' first assignment of error challenges the trial court's judgment sustaining the objection of *lis pendens*. Appellants' argument is that the trial court erred in granting Pedestal's exception of *lis pendens* because the first filed suit was originally an action for executory process and deficiency judgment in another parish, while the second filed suit was as an ordinary action seeking damages for breach of contract, fraud, and unfair trade practices in the execution of the contract. Appellants contend that because the first filed suit and the second filed suit were initiated by different modes of procedure, *lis pendens* should not apply.

Louisiana Code of Civil Procedure article 1036(B) provides, "[t]he mode of procedure employed in the incidental action shall be the same as that used in the principal action, except as otherwise provided by law." As set forth above, the test for *lis pendens* requires determining whether a judgment in the first filed suit will bar any of the actions asserted in the second filed suit under the doctrine of *res judicata*. **Newman v. Newman**, 96-1062, (La.App. 1 Cir.3/27/97), 691 So.2d 743, 745. This Court has consistently held that an exception to the broad application of *res judicata* exists when a party is procedurally barred from bringing an ordinary action in an executory proceeding. Under these circumstances, the doctrine of *res judicata* does not bar the party from raising those claims in another proceeding. **Bajoie v. JP Morgan Chase Bank, N.A.,** 2017-0046 (La.App. 1 Cir. 7/12/17), 225 So.3d 1098, 1103, writ denied, 2017-1697 (La. 12/15/17), 231 So.3d 635.

In this matter, the first filed suit was originally an executory proceeding seeking foreclosure of the collateral property, and remained an executory proceeding at the time of the June 14, 2019 hearing on Pedestal's objection of *lis pendens*. Appellants were therefore procedurally prohibited at that point from bringing an ordinary action for breach of contract, fraud, and unfair trade practices in answer to the first filed suit. Hence, *res judicata* would not have barred appellants from bringing their ordinary

6

action in the second filed suit at the time the exception was considered by the trial court.

However, because *lis pendens* does not address the merits of the dispute between the parties, a reviewing court considers *lis pendens* in the procedural and factual climate that exists at the time of review, rather than at the time of the trial court's judgment. **Matter of Commitment of Cole**, 2018-1760 (La.App. 1 Cir. 4/17/19), 276 So.3d 601, 608. Prior to this Court's consideration, Pedestal filed a supplemental petition for deficiency judgment after foreclosure in the first filed suit, which converted the matter to an ordinary action.[5] The conversion of the first filed suit to an ordinary action removed the procedural impediment that precluded appellants from bringing their ordinary action for breach of contract, fraud, and unfair trade practices; in fact, appellants have since filed an answer asserting reconventional demands in the first filed suit. We consider Pedestal's exception of *lis pendens* in light of these procedural and factual circumstances.

The first requirement for *lis pendens* to apply is that two or more suits are pending in a Louisiana court or courts. **Crosstex**, 282 So.3d at 237. For purposes of *lis pendens*, a suit is considered pending in a Louisiana court if it is being reviewed by an appellate court. **Maddens Cable Serv., Inc. v. Gator Wireline Servs., Ltd.**, 509 So.2d 21, 23 (La. App. 1 Cir. 1987). In this matter, the first filed suit is presently pending in the 17th JDC of Lafourche Parish, a Louisiana court, at the same time the second filed suit is before this Court on appeal from the 32nd JDC of Terrebonne Parish.[6] The first requirement to establish *lis pendens* is met.

---

[5] Louisiana Code of Civil Procedure article 2772 specifically grants a creditor the right to obtain deficiency judgment against a debtor by converting the executory proceeding into an ordinary proceeding as provided in LSA-C.C.P. art. 2644 or by filing a separate suit. Under either method, the new proceeding is a personal action in which the defendant has all of the rights of a defendant in an ordinary proceeding. See LSA-C.C.P. art. 2772; **Citizens Savings & Loan Association v. Kinchen**, 622 So.2d 662, 664 (La. 1993).

[6] It is well settled that a valid and final judgment is conclusive between the same parties, *except* on appeal or other direct review. LSA-R.S. 13:4231; **Pontchartrain Nat. Gas Sys. v. Texas Brine Co., LLC**, 2018-0004 (La.App. 1 Cir. 6/6/18), 255 So.3d 644, 648, writ denied, 2018-1431 (La. 12/3/18), 257 So.3d 1259. Thus, the judgment dismissing the second filed suit is not a final and definitive judgment until the Supreme Court denies any possible application for certiorari or the delays run for applying for certiorari and/or rehearing. See LSA-C.C.P. art. 2166(D) and (E); see also **Pontchartrain Nat. Gas Sys.**, 255 So.3d at 648.

The second requirement for *lis pendens* to apply is that the two pending suits arise from the same transaction or occurrence. **Crosstex**, 282 So.3d at 237. This determination is made on a case-by-case basis. **Cole**, 276 So.3d at 609. Nevertheless, the jurisprudence has identified some definitions, including the following: "a group of facts so connected together as to be referred to by a single legal name; as ... a contract"; or "[a]ll logically related events entitling a person to institute legal action against another generally are regarded as comprising a 'transaction or occurrence.' " **Patten/Jenkins BR Popeyes, L.L.C. v. S.R.G. Baton Rouge II, L.L.C.**, 2019-1160, (La.App. 1 Cir. 6/16/20), 306 So.3d 453, 458, citing **Hy-Octane Investments, Ltd. v. G & B Oil Products, Inc.**, 97-28 (La.App. 3 Cir. 10/29/97), 702 So.2d 1057, 1060 (internal citations omitted). The use of the phrase "transaction *or* occurrence," with its disjunctive "or," also implicitly recognizes that the factual circumstances forming the subject matter from which a legal dispute arises may be due to either an obligation or relationship fashioned by the will or agreement of the parties (a transaction or contract), an unexpected or isolated event (or series of events) which creates an obligation or relationship (an occurrence such as an accident), or perhaps a combination of both. **North American Treatment Systems, Inc. v. Scottsdale Insurance Co.**, 2005-0081 (La.App. 1 Cir. 8/23/06), 943 So.2d 429, 440, writ denied, 2006-2918 (La. 2/16/07), 949 So.2d 423, and writ denied, 2006-2803 (La. 2/16/07), 949 So.2d 424.

In this matter, both the first filed suit and the second filed suit arose from the relationship between the parties established in the same promissory note, mortgage, and commercial guaranty contracts. Appellants have answered the petition for deficiency judgment in the first filed suit and asserted reconventional demands therein. Comparison of the allegations in the reconventional demand in the first filed suit and the allegations in the second filed suit establishes that appellants allege the same transaction or occurrence in both pleadings: that Pedestal fraudulently induced them to enter into the loan contracts that Pedestal sued to enforce in the first filed suit. Thus, it is clear that all of the events at issue in both the first filed suit and the second filed suit

8

are necessarily connected and logically related. The second requirement to establish *lis pendens* is met.[7]

The third requirement for *lis pendens* to apply is that the two pending suits are between the same parties in the same capacities. **Crosstex**, 282 So.3d at 237. As stated above, the first filed suit was originally a petition for executory process seeking foreclosure of the property standing as collateral for the mortgage securing the promissory note, and was later converted to an ordinary proceeding by the supplemental petition for deficiency judgment. The second filed suit was an ordinary action that alleged breach of contract as well as fraud and unfair trade practices in the events leading to the same promissory note, mortgage, and commercial guaranty contracts that were at issue in the first filed suit. In both proceedings, appellants appear as debtors, and Pedestal appears as creditor. Furthermore, given that both suits are based on the same loan contracts, the cases by definition involve the same parties. See **Patten/Jenkins BR Popeyes, L.L.C.**, 306 So.3d at 459. Thus, the third requirement to establish *lis pendens* is met. Accordingly, the second filed suit is properly dismissed on the basis of *lis pendens* at the time of this Court's review.

Appellants' second assignment of error is that the trial court erred in sustaining the objection of no cause of action as to Pedestal Bancshares, Inc. However, having found that the second filed suit is appropriately dismissed on the basis of *lis pendens*, we need not address this assignment of error.

## CONCLUSION

Following our review of the record before us, considered in the procedural and factual climate that exists at the time of disposition, we affirm the June 26, 2019 judgment of the trial court that sustained the objection of *lis pendens* and dismissed appellants' claims in this matter. Appellate costs are assessed to appellants.

**AFFIRMED.**

---

[7] Appellants argue that the suits do not arise from the same cause of action, but fail to explain this position.