**Jauvé COLLINS**

v.

**Richard J. "Ricky" WARD, Jr., et al.**

**2015 CA 1993**

Court of Appeal of Louisiana,
First Circuit.

Judgment Rendered: September 16, 2016

Jauvé Collins, D.O.C.# 551251, Louisiana State Penitentiary, Angola, Louisiana, Pro Se Appellant/Plaintiff

Elizabeth A. Engolio, Assistant District Attorney, Plaquemine, Louisiana, Attorney for Appellees/Defendants, Richard J. "Ricky" Ward, Jr. and the West Baton Rouge Parish District Attorney's Office

BEFORE: PETTIGREW, McDONALD, AND DRAKE, JJ.

DRAKE, J.

The plaintiff appeals the trial court's June 17, 2015 judgment that sustained the defendants' exception pleading *res judicata and* dismissed his suit for damages, with prejudice. For the following reasons, we reverse and remand.

## FACTS AND PROCEDURAL HISTORY

The plaintiff, Jauvé Collins, is an inmate in the custody of the Louisiana Department of Public Safety and Corrections (DPSC), confined to the Louisiana State Penitentiary at Angola, Louisiana. Mr. Collins was convicted of second degree murder, in violation of La. R.S. 14:30.1. He appealed his conviction and sentence, and both were affirmed. *State v. Collins*, 2009–1617 (La.App. 1 Cir. 2/12/10), 35 So.3d 1103, 1109, *writ denied*, 2010–0606 (La. 10/8/10), 46 So.3d 1265.

On October 4, 2013, Mr. Collins filed a petition for damages *in forma pauperis*, naming the West Baton Rouge (WBR) Parish District Attorney, Richard J. "Ricky" Ward, Jr., and the WBR Parish District Attorney's Office as defendants, wherein Mr. Collins sought damages for the defendants' alleged failure to comply with the public records law.[1] In his petition, Mr. Collins alleges that after requesting a copy of his "D.A.'s Files" and sending $423.00 as costs of the same to the WBR Parish D.A.'s Office, he received an incomplete copy of his file. Mr. Collins contends that the WBR Parish D.A.'s Office deliberately and wantonly concealed portions of his file; maintained false public records, a violation of La. R.S. 14:132; and committed malfeasance in office, a violation of La. R.S. 14:134. Mr. Collins further alleged that D.A. Ward was liable for negligently failing to properly train, instruct, and supervise his employees regarding the maintenance of public records. The case was assigned to Division "A" of the 18th J.D.C. as trial court docket number 41,044.

Thereafter, D.A. Ward filed a declinatory exception raising the objection of *lis pendens* in November 2013, arguing that Mr. Collins's claim for damages was pend-

---

1. *See* La. Const. art. XII, § 3 and La. R.S. 44:1 *et seq.*

ing in a separate, previously filed suit in Division "B" of the 18th J.D.C., bearing trial court docket number 39,102.[2] The D.A. alleged that Mr. Collins initiated that suit in January 2011, by filing a petition for a writ of mandamus, seeking an estimate for the cost to reproduce the D.A.'s trial file associated with his conviction for second degree murder, in order to purchase a copy of it. The D.A. further alleged that in January 2013, Mr. Collins filed another petition for a writ of mandamus, also in docket number 39,102, seeking compensation for damages associated with the WBR Parish D.A. Office's alleged failure to comply with the public records doctrine and produce his file.

Mr. Collins opposed D.A. Ward's objection of *lis pendens,* to which D.A. Ward filed a response. The trial court took the matter under advisement and ordered the parties to submit memoranda prior to the contradictory hearing on the exception. The hearing on the *lis pendens* objection, originally set for February 6, 2014, was continued several times.

In the meantime, D.A. Ward filed a peremptory exception raising the objection of *res judicata* in March 2014. The D.A. argued that in the separate suit, trial court docket number 39,102, Mr. Collins sought and was granted a motion to dismiss the mandamus action. The D.A. argued that

the judgment of dismissal in the mandamus suit (docket number 39,102) barred the current suit (docket number 41,044) since both matters involved the same parties, the same transaction or ⌊occurrence, and sought the same relief. Mr. Collins opposed D.A. Ward's objection of *res judicata.*[3]

Following several continuances, the trial court sustained D.A. Ward's peremptory exception pleading *res judicata* in open court following a contradictory hearing.[4] The trial court adopted as its reasons for judgment the arguments provided by the D.A. in his memorandum in support of the exception. The trial court reduced its ruling to a written judgment signed on June 17, 2015, and dismissed Mr. Collins's petition for damages, with prejudice. Mr. Collins now appeals.

## LAW AND DISCUSSION

The doctrine of *res judicata* is codified in La. R.S. 13:4231 and specifically applies only when there is a "valid and final judgment" between the parties. Louisiana Revised Statutes 13:4231 provides:

Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:

2. The D.A.'s declinatory exception of *lis pendens* was erroneously titled an "exception of prescription." *See* La. C.C.P. arts. 853-54 and 865; *see also Belser v. St. Paul Fire & Marine Ins. Co.,* 542 So.2d 163, 165–66 (La.App. 1 Cir.1989).

3. For clarity, we note that Mr. Collins captioned his opposition as "Objection To The Defendant [sic] Second Exception of Res Judicata." Mr. Collins refers to the D.A.'s objection of *res judicata* as a "second exception," indicating that the *lis pendens* objection was the first exception filed by the D.A., not that the D.A. filed two exceptions pleading *res judicata.*

4. The record does not indicate that the trial court ever ruled on D.A. Ward's objection of *lis pendens.* At the hearing on the objection of *res judicata,* the Assistant District Attorney (A.D.A.) asked the trial court to "put that other exception on the side," referring to the objection of *lis pendens,* pending the final outcome of the court's decision on the *res judicata* objection. The A.D.A. further argued that the *lis pendens* objection was not appropriate as Mr. Collins dismissed the mandamus action in docket number 39,102.

(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.

(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.

(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

Official Comment (d) (1990) to La. R.S. 13:4231 further explains the requirement of a "valid and final judgment," stating:

To have any preclusive effect a judgment must be valid, that is, it must have been rendered by a court with jurisdiction over subject matter and over parties, and proper notice must have been given. The judgment must also be a final judgment, that is, a judgment that disposes of the merits in whole or in part. The use of the phrase "final judgment" also means that the preclusive effect of a judgment attaches once a final judgment has been signed by the trial court and would bar any action filed thereafter unless the judgment is reversed on appeal.

The chief inquiry is whether the second action asserts a cause of action that arises out of the transaction or occurrence that was the subject matter of the first action. *Landry v. Town of Livingston Police Department*, 2010-0673 (La.App. 1 Cir. 12/22/10), 54 So.3d 772, 776. The Louisiana Supreme Court has further recognized that the doctrine of *res judicata* bars a subsequent action when all of the following elements are satisfied: (1) the judgment in the first suit is valid; (2) the judgment in the first suit is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of the final judgment in the first suit; and (5) the cause or causes of action in the second suit arose out of the transaction or occurrence that was the subject matter of the first suit. *Burguieres v. Pollingue*, 2002-1385 (La. 2/25/03), 843 So.2d 1049, 1053.

The peremptory exception raising the objection of *res judicata* is based on the conclusive legal presumption of a thing previously adjudged between the same parties. The burden of proving the facts essential to sustaining the objection is on the party pleading the objection. If any doubt exists as to its application, the exception must be overruled and the second lawsuit maintained. When an objection of *res judicata* is raised before the case is submitted and evidence is received on the objection, the standard of review on appeal is manifest error. *Davis v. J.R. Logging, Inc.*, 2013-0568 (La.App. 1 Cir. 11/8/13), 136 So.3d 828, 830-31, *writ denied*, 2014-0860 (La. 6/20/14), 141 So.3d 812.

In the instant case, D.A. Ward submitted a copy of the trial court's "Order" dismissing Mr. Collins's prior mandamus action, bearing trial court docket number 39,102 in Division "B" of the 18th J.D.C., as well as copies of the two petitions for a writ of mandamus filed by Mr.

Collins in that suit. The "Order" of dismissal signed by the trial court, which was prepared and handwritten by Mr. Collins, did not indicate whether dismissal of the suit was with or without prejudice. When a judgment is silent as to whether it is being dismissed with or without prejudice, the dismissal must be without prejudice. *State ex rel. Dep't of Soc. Serv. v. A.P.*, 2002–2372 (La.App. 1 Cir. 6/20/03), 858 So.2d 498, 503 n. 10. Therefore, the dismissal in the prior action was without prejudice.

Louisiana Code of Civil Procedure article 1673 states that "[a] judgment of dismissal with prejudice shall have the effect of a final judgment of absolute dismissal after trial. A judgment of dismissal without prejudice shall not constitute a bar to another suit on the same cause of action." The 1960 Official Revision Comment under Article 1673 notes: "A judgment of dismissal with prejudice is not a definitive judgment, but merely a final judgment and subject to the rules governing such judgments....A case dismissed without prejudice can be reinstituted; the judgment rendered therein is neither final nor definitive." *See also Citizens Sav. Bank v. G & C Dev., L.L.C.*, 2012–1034 (La.App. 1 Cir. 2/15/13), 113 So.3d 1085, 1088.

It appears that the trial court's "Order" of dismissal in Mr. Collin's first suit is not a final, but rather an interlocutory judgment or order. Louisiana Code of Civil Procedure article 1841 provides, in pertinent part:

> A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled. It may be interlocutory or final.

> A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment.

Since the trial court's "Order" of dismissal did not determine the merits of the controversy, it is clearly an interlocutory judgment. *See* La. C.C.P. art. 2083.

In view of the foregoing, the doctrine of *res judicata* does not bar Mr. Collins's current suit for damages because the "Order" of dismissal in the prior mandamus action is not a final judgment, one of the elements that must be satisfied in order for *res judicata* to apply to bar Mr. Collins's current suit for damages. *See Burguieres*, 843 So.2d at 1053. Therefore, we hold that the trial court erred in granting the defendants' exception pleading *res judicata*.

### DECREE

We reverse the trial court's June 17, 2015 judgment that sustained the defendants' exception pleading *res judicata* and dismissed the plaintiff's suit for damages, with prejudice. We remand this matter to the trial court for further proceedings consistent with this opinion. All costs of this appeal, in the amount of $1,739.50, are assessed to the defendants, the West Baton Rouge Parish District Attorney, Richard J. "Ricky" Ward, Jr., and the West Baton Rouge Parish District Attorney's Office.

**REVERSED AND REMANDED.**