# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

## 2023 CA 0067

CYNTHIA MORALES

VERSUS

ALONZO WILDER; DR. STEPHEN McCULLOH; CHERYL SMITH;
LAUREN MILTON; KARLIE VIKOWSKI; OTHER UNKNOWN LIVINGSTON
PARISH MEDICAL PERSONNEL; AND LIVINGSTON PARISH

Judgment Rendered: **SEP 15 2023**

\* \* \* \* \* \*

On Appeal from the Twenty-First Judicial District Court
In and for the Parish of Livingston
State of Louisiana
Docket No. 164043
Honorable Jeffrey Johnson, Judge Presiding

\* \* \* \* \* \*

| | |
|---|---|
| Emily H. Posner<br>New Orleans, Louisiana | Counsel for Plaintiff/Appellant<br>Cynthia Morales |
| Michael M. Remson<br>Craig J. Sabottke<br>Courtenay S. Herndon<br>Baton Rouge, Louisiana | Counsel for Defendants/Appellees<br>Alonzo Wilder, P.A. and<br>Stephen McCulloh, M.D. |
| Christopher M. Moody<br>Albert D. Giraud<br>Hammond, Louisiana | Counsel for Defendants/Appellees<br>Parish of Livingston, Cheryl Smith,<br>Lauren Milton, and Karlie Vikowski |

\* \* \* \* \* \*

J. Hester concurs

**BEFORE: McCLENDON, HESTER, AND MILLER, JJ.**

**McCLENDON, J.**

Plaintiff appeals the trial court's judgment sustaining defendants' declinatory exceptions pleading the objection of lack of subject matter jurisdiction and dismissing plaintiff's claims. For the reasons that follow, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

Plaintiff, Cynthia Morales, filed a petition in the Twenty-First Judicial District Court, Parish of Livingston (21st JDC) on August 1, 2019, seeking damages allegedly sustained as a result of receiving inadequate medical treatment while incarcerated at Livingston Parish Detention Center (LPDC). Ms. Morales claimed that when she was arrested on August 6, 2017, she was en route to the hospital to seek treatment for a sty that was developing on her eye. She further alleged that despite informing LPDC medical staff of the sty and her status as a carrier of MRSA bacteria, and despite clear and obvious symptoms of orbital infection while incarcerated, she was refused adequate treatment and transport to a hospital. Ms. Morales maintained that although she sought medical treatment for her orbital infection after bonding out of LPDC on August 10, 2017, she suffered a permanent decline in vision and disfigurement to her left eye. Therefore, contending that defendants' alleged inadequate medical treatment caused her damages, she asserted claims of negligence, medical malpractice, negligent supervision and training, gross negligence, and respondeat superior. Ms. Morales named as defendants Stephen McCulloh, M.D.; Parish of Livingston; Cheryl Smith, as the former medical director of LPDC; unknown medical personnel who provided care to Ms. Morales at LPDC; Lauren Milton; Karlie Vikowski; and Alonzo Wilder, P.A.

In response to Ms. Morales' petition for damages, Dr. McCulloh filed a declinatory exception pleading the objection of lack of subject matter jurisdiction.[1] Parish of

---

[1] Louisiana Code of Civil Procedure article 922 recognizes only three exceptions: the declinatory exception, the dilatory exception, and the peremptory exception. In this case, at the time the objection of lack of jurisdiction over the subject matter was before the trial court, the objection was properly raised as a declinatory exception pleading the objection of lack of jurisdiction over the subject matter pursuant to LSA-C.C.P. art. 925. We note, however, that effective August 1, 2023, LSA-C.C.P. art. 925 was amended and reenacted by La. Acts 2023, No. 5, § 1, which deleted the objection of lack of jurisdiction over the subject matter from the objections raised through a declinatory exception. That objection has now been added as an objection that is raised by peremptory exception under LSA-C.C.P. art. 927. See LSA-C.C.P. art. 925, Official Revision Comments – 2023.

Herein, for brevity, we sometimes refer to the exception at issue as an exception of lack of subject matter jurisdiction.

2

Livingston, Ms. Smith, Ms. Milton, Ms. Vikowski (collectively, the Livingston Parish defendants), and Mr. Wilder joined with Dr. McCulloh's exception and adopted and incorporated his arguments and exhibits. The exceptions of lack of subject matter jurisdiction maintained that Ms. Morales failed to exhaust the administrative remedies available to her as required by the Louisiana *Prison Litigation Reform Act*, LSA-R.S. 15:1181, *et seq.* (PLRA), prior to filing her petition for damages, and her claims should therefore be dismissed.[2]

Ms. Morales opposed the exceptions of lack of subject matter jurisdiction. While she conceded that she had not exhausted LPDC's administrative remedies prior to filing suit, she also argued that it was immaterial whether she exhausted said administrative remedies, because her claims were not subject to the PLRA. Alternatively, Ms. Morales argued that even if her claims were subject to the PLRA's requirement to exhaust available administrative remedies, LPDC's administrative remedies were not available to her after she bonded out of LPDC on August 10, 2017.

The exceptions of lack of subject matter jurisdiction filed by Dr. McCulloh, the Livingston Parish defendants, and Mr. Wilder (collectively, Appellees) were heard on September 26, 2022.[3] Following oral arguments, the trial court maintained the objection of lack of subject matter jurisdiction. On October 5, 2022, the trial court executed a written judgment in conformity with its oral rulings and dismissed Ms. Morales' claims. The October 5, 2022 judgment was silent as to whether the dismissal was with or without prejudice, and therefore, was without prejudice.[4]

On appeal, Ms. Morales challenges the trial court's judgment sustaining the objection of lack of subject matter jurisdiction. Ms. Morales argues that the trial court erred in determining the PLRA was applicable to her claims and finding she was therefore required to exhaust LPDC's administrative remedies prior to pursuing her claims in court.

---

[2] The Livingston Parish defendants also filed a dilatory exception raising the objection of prematurity and a peremptory exception raising the objections of no cause and/or no right of action. These exceptions are not at issue in this appeal.

[3] We note that the court minutes do not reflect that the exceptions of lack of subject matter jurisdiction were held on this date. However, the judgment and transcript of the hearing both confirm that the exceptions of subject matter jurisdiction were, in fact, before the trial court on September 26, 2022.

[4] See **Collins v. Ward**, 2015-1993 (La.App. 1 Cir. 9/16/16), 204 So.3d 235, 239.

3

Ms. Morales also contends that the trial court erred in finding that LPDC's administrative remedies were available to Ms. Morales after she bonded out of LPDC.[5]

## *Standard of Review*

The trial court's determination of whether it has subject matter jurisdiction over a case is subject to *de novo* review. **Christian Schools, Inc. v. Louisiana High School Athletic Association**, 2020-0762 (La.App. 1 Cir. 5/18/22), 342 So.3d 1068, 1072, writ denied, 2022-01015 (La. 10/12/22), 348 So.3d 78.

## *Subject Matter Jurisdiction*

Jurisdiction is the legal power and authority of a court to hear and determine an action of the parties and to grant the relief to which they are entitled. LSA-C.C.P. art. 1. Jurisdiction over the subject matter is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted. LSA-C.C.P. art. 2. Subject matter jurisdiction is created by the constitution or by legislative enactment; the parties cannot confer or waive it. See LSA-C.C.P. art. 3; **Christian Schools, Inc.**, 342 So.3d at 1072. Generally, a district court shall have original jurisdiction over all civil and criminal matters and shall have appellate jurisdiction as provided by law. La. Const. art. V, § 16.

## *Burden of Proof*

At the time this matter was before the trial court, an objection to the lack of subject matter jurisdiction was properly raised by a declinatory exception. LSA-C.C.P. art. 925(A)(6). Where the lack of subject matter jurisdiction is not apparent on the face of the petition, the burden is on the defendant to offer evidence in support of the exception. See LSA-C.C.P. art. 930; **Beasley v. Nezi, LLC**, 2016-1080 (La.App. 1 Cir. 9/8/17), 227

---

[5] Specifically, Ms. Morales assigns the following errors to the trial court's judgment:

1) The trial court's determination that it lacked subject matter jurisdiction over Ms. Morales' claims against Appellees is legally incorrect.

2) The trial court made a legally incorrect determination when it determined that Appellees presented sufficient evidence to meet their burden that Ms. Morales failed to exhaust the administrative remedies available to her.

3) The trial court made a legally incorrect determination when it determined that the PLRA applies to this case and requires Ms. Morales to exhaust administrative remedies prior to pursuing her claims in court.

So.3d 308, 311. In this matter, Ms. Morales' petition explicitly alleged exhaustion of "all administrative remedies that were available to her during as required (sic) by the Louisiana Prisoner Litigation Reform Act." Thus, the lack of subject matter jurisdiction was not apparent on the face of the petition, and the onus was on Appellees to offer evidence in support of their objection. See LSA-C.C.P. art. 930; **Hill v. Jindal**, 2014-1757 (La.App. 1 Cir. 6/17/15), 175 So.3d 988, 1001, writ denied, 2015-1394 (La. 10/23/15), 179 So.3d 600.

***Law and Analysis***

As set forth above, Appellees argue that because Ms. Morales did not exhaust her administrative remedies prior to filing suit, her suit should be dismissed without prejudice. In opposing Appellees' exceptions for lack of subject matter jurisdiction and challenging the trial court's judgment sustaining the exceptions on appeal, Ms. Morales argues that the PLRA, and in particular the PLRA's requirement to exhaust administrative remedies prior to filing suit, does not apply to her claims. After a thorough *de novo* review of the record before us and careful consideration of Ms. Morales' arguments, we find no merit in Ms. Morales' contentions that the trial court improperly granted Appellees' exceptions of lack of subject matter jurisdiction.

The purpose of the PLRA is to provide for civil actions with respect to prison conditions or effects of an official's actions on prisoners' lives.[6] **Warren v. Louisiana Department of Public Safety & Corrections**, 2020-0247 (La.App. 1 Cir. 2/19/21), 320 So.3d 453, 455. "Prisoner suit" is defined as "any civil proceeding with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison." LSA-R.S. 15:1181(2). "Prison" means "any state or local jail, prison, or other correctional facility that incarcerates or detains juveniles or adults accused of, convicted of, sentenced for, or adjudicated delinquent for violations of

---

[6] The PLRA also curtails baseless or nuisance suits by prisoners by requiring a trial court to dismiss any prisoner suit that is frivolous, malicious, fails to state a cause of action, seeks monetary relief from a defendant who is immune from such relief, or fails to state a claim upon which relief can be granted. LSA-R.S. 15:1184(B); **Cheron v. LCS Corrections Services, Inc.**, 2002-1049 (La.App. 1 Cir. 2/23/04), 872 So.2d 1094, 1098, n.3, writ granted, 2004-0703 (La. 5/14/04), 872 So.2d 532, and affirmed, 2004-0703 (La. 1/19/05), 891 So.2d 1250.

5

criminal law." LSA-R.S. 15:1181(5). Appellees' exceptions of lack of subject matter jurisdiction rely on the following provision of the PLRA:

> No prisoner suit shall assert a claim under state law until such administrative remedies as are available are exhausted. If a prisoner suit is filed in contravention of this Paragraph, the court shall dismiss the suit without prejudice.

LSA-R.S. 15:1184(A)(2).

Where the law provides for an administrative remedy, a claim must be processed through the administrative process before a trial court will have subject matter jurisdiction to entertain the claim. It is axiomatic that the party raising the objection of failure to exhaust administrative remedies has the burden of proving it is available and that the plaintiff failed to submit his claim before the administrative tribunal prior to filing suit. **Asmore v. Chaisson**, 2013-1734 (La.App. 1 Cir. 6/9/14), 2014 WL 3611834, *2 (unpublished), writ denied, 2014-1440 (La. 10/24/14), 151 So.3d 603. Once the existence of an administrative remedy is established, the burden shifts to the plaintiff to prove that he has exhausted his administrative remedies available to him or that the present situation is one of the exceptional situations where the plaintiff is entitled to judicial relief because any administrative remedy is irreparably inadequate. **Id**.

In this matter, Appellees offered into evidence numerous memorandums and exhibits previously filed in support of the exceptions of lack of subject matter jurisdiction. These included the following documents: the "[LPDC] Inmate Services, Disciplinary Rules and General Information Handbook[,]" Paragraph D of which is titled "Administrative Remedy Procedure the Grievance Process"; the "Policies and Procedures" for LPDC, titled "Inmate Grievances," which stated that after other attempts to resolve a legitimate complaint failed, an inmate may request a grievance form "in order to make his/her complaint known to a higher authority";[7] and the "Livingston Parish Detention Center

---

[7] LPDC's Grievance Procedure follows a three-step process. At Step One, the inmate files a completed copy of the grievance form, which is screened by the Warden. If the grievance form is accepted by the Warden, it is then sent to a First Respondent. The First Respondent then issues a response to the inmate within fifteen days. At Step Two, the inmate may request review of the First Respondent's response by the Warden, if the inmate forwards his request to the Warden within five days. The Warden then issues a response to the inmate. Finally, at Step Three, the inmate may request review of the Warden's response by the Sheriff by submitting an appeal to the Sheriff within five days of receiving the Warden's response. The Sheriff renders a final decision for the inmate, at which point an inmate has completed LPDC's Grievance Procedure.

Inmate Grievance" form, which was required to be sent to the Warden within 30 days of the incident complained of. Appellees additionally offered Ms. Morales' August 2, 2022 responses to discovery requests propounded by Dr. McCulloh. In particular, we note her response to request for admission number one:

**REQUEST FOR ADMISSION NO. 1:**

Please admit that [Ms. Morales] failed to complete the three step Administrative Remedy Procedure (ARP) provided by [LPDC] prior[] to filing the [instant suit].

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

[Ms. Morales] admits that [the] ARP process at [LPDC] was not available to her, and that she is not obligated to complete the ARP process.

With this evidence, Appellees affirmatively established the existence of an administrative remedy, as well as Ms. Morales' failure to exhaust the administrative remedy.[8] Accordingly, the burden shifted to Ms. Morales to prove that she either exhausted the administrative remedies available to her, or that the present situation is one of the exceptional situations where the plaintiff is entitled to judicial relief because any administrative remedy is irreparably inadequate. See **Asmore**, 2014 WL 3611834 at *2.

In opposition, Ms. Morales relies on LSA-R.S. 15:1181(6), which provides:

(6) "Prisoner" means any person subject to incarceration, detention, or admission to any prison who is accused of, convicted of, sentenced for, or adjudicated delinquent for a violation of criminal law or the terms or conditions of parole, probation, pretrial release, or a diversionary program. Status as a "prisoner" is determined as of the time the cause of action arises. Subsequent events, including post trial judicial action or release from custody, shall not affect such status.

Ms. Morales contends she was not a prisoner when her cause of action arose, and her claims are not subject to the PLRA, because she did not discover the extent of her injuries until after she bonded out of LPDC and sought treatment at Our Lady of the Lake Hospital. Thus, we must determine when Ms. Morales' cause of action arose.

The ultimate resulting damages from an act of malpractice do not determine when a cause of action accrues and whether prescription commences to run. **Mitchell v. Baton**

---

[8] Appellees also offered into evidence the affidavit and declaration of Thomas Martin, which was executed in connection with a federal court case and described LPDC's three-step grievance process; discovery responses; and Ms. Morales' medical records.

7

**Rouge Orthopedic Clinic, L.L.C.**, 2021-00061 (La. 10/10/21), 333 So.3d 368, 382. There is no requirement that the quantum of damages be certain or that they be fully incurred, or incurred in some particular quantum, before the plaintiff has a right of action. Thus, in cases in which a plaintiff has suffered some but not all of his damages, prescription runs from the date on which he first suffered actual and appreciable damage, even though he may thereafter come to a more precise realization of the damages he has already incurred or incur further damage as a result of the completed tortious act. **Mitchell**, 333 So.3d at 382-83, citing **Bailey v. Khoury**, 2004-0620, (La. 1/20/05), 891 So.2d 1268, 1276.

Here, Ms. Morales' petition alleges that at the time of intake into LPDC, "the sty on her eye was visible and presented with the obvious signs of MRSA-caused orbital cellulitis," and that during her incarceration, her "orbital infection continued to worsen[,]" specifically that her eyelid was completely swollen shut, her vision was blurry, she was light sensitive, and she was in extreme pain. Ms. Morales' medical records confirm that after her release from LPDC, she presented to Our Lady of the Lake Regional Medical Center on August 10, 2017, with orbital cellulitis. Thus, it is plain that Ms. Morales suffered actual and appreciable damages while incarcerated at LPDC, sufficient for her cause of action to accrue, regardless of whether she later came to more fully understand the extent of those damages. Therefore, Ms. Morales' cause of action arose while she was an incarcerated prisoner at LPDC, and the instant matter is subject to the PLRA.

Ms. Morales also maintains that the PLRA does not require an inmate in her position to complete an administrative remedy or grievance process prior to filing suit, because there is no process for inmates who have bonded out of LPDC to file a grievance. This is incorrect. Pursuant to the plain language of the PLRA, release from custody "shall not affect" prisoner status. See LSA-R.S. 15:1181(6); **Dailey v. Travis**, 2004-0744 (La. 1/19/05), 892 So.2d 17, 21. Therefore, Ms. Morales was not exempt from exhausting LPDC's administrative remedy procedure on the basis of later being released from custody.

Ms. Morales further maintains that the PLRA only requires exhaustion of such administrative remedies as are available prior to filing suit, and because Appellees did not

8

affirmatively establish that LPDC's administrative remedy was made available to her after she bonded out, the PLRA does not apply to her. This argument lacks merit. The PLRA, LSA-R.S. 15:1184(A)(1), provides the following specific definitions of the relevant terms as follows:

> (1) For purposes of this Section, the following words have the following meanings:
>
> (a) "Administrative remedies" means written policies adopted by governmental entities responsible for the operation of prisons which establish an internal procedure for receiving, addressing, and resolving claims by prisoners with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison. Such "administrative remedies" need not be adopted or published in compliance with R.S. 15:1171.
>
> (b) "Available" means all administrative remedies adopted by governmental entities, which address claims of the kind asserted by the prisoner even if the administrative remedies do not allow the prisoner the particular kind of relief sought.

In this matter, Appellees established that administrative remedies, within the definition set forth by the PLRA, both existed and were available to Ms. Morales. Appellees were not required to also affirmatively establish that they made LPDC's administrative remedy available to her after she bonded out. Rather, after Appellees showed that the administrative remedy existed, and that Ms. Morales failed to exhaust same, the burden shifted to Ms. Morales to prove that she either exhausted the administrative remedies available to her, or that the present situation is one of the exceptional situations where the plaintiff is entitled to judicial relief because any administrative remedy is irreparably inadequate. See **Asmore**, 2014 WL 3611834 at *2. Ms. Morales did not offer any evidence establishing either that she exhausted the administrative remedy, or that the administrative remedy would have been inadequate.[9] Therefore, this argument lacks merit, and the trial court properly sustained Appellees' exceptions of lack of subject matter jurisdiction.[10]

---

[9] We further note that Ms. Morales did not offer any evidence indicating that she attempted to obtain any paperwork or forms or otherwise complete the administrative remedy.

[10] Although Appellees did not cite the Louisiana Corrections Administrative Remedy Procedure (CARP), LSA-R.S. 15:1171, et seq., as a basis for their exceptions of lack of subject matter jurisdiction, Ms. Morales also argues that she was not required to exhaust administrative remedy procedures prior to filing suit because these particular defendants are not subject to CARP. More specifically, Ms. Morales contends that while CARP applies to complaints and grievances against a sheriff, his deputies, and employees, her claims are against the Livingston Parish defendants – that is, the Parish of Livingston, Ms. Smith, Ms. Milton, and Ms. Vikowski – not employees of the Livingston Parish Sheriff's Office (LPSO). Having found that the trial court

9

## CONCLUSION

For the foregoing reasons, the October 5, 2022 judgment of the trial court sustaining the objection of lack of subject matter jurisdiction and dismissing Cynthia Morales' claims against Stephen McCulloh, M.D., Alonzo Wilder, P.A., Parish of Livingston, Cheryl Smith, Lauren Milton, and Karlie Vikowski, without prejudice, is affirmed.[11] Costs of this appeal are assessed to Cynthia Morales.

**AFFIRMED.**

---

properly maintained Appellees' exceptions of lack of subject matter jurisdiction on the basis of Ms. Morales' failure to exhaust her administrative remedies as required by the PLRA, we need not address this issue.

[11] As noted herein, the October 5, 2022 judgment was silent as to whether the dismissal was with or without prejudice. Therefore, the dismissal was without prejudice, and we affirm it as such. See **Collins v. Ward,** 2015-1993 (La.App. 1 Cir. 9/16/16), 204 So.3d 235, 239.