STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

* * * * * * *

2024 CA 0760

JOEY PAUL GUIDRY, JR.

VERSUS

SOUTHERN REGIONAL MEDICAL CENTER D/B/A LEONARD J. CHABERT MEDICAL CENTER (OWNED BY HOSPITAL SERVICE DISTRICT NO. 1 OF THE PARISH OF TERREBONNE, A POLITICAL SUBDIVISION OF THE STATE OF LOUISIANA, AND MANAGED BY OCHSNER HEALTH SYSTEM); OCHSNER CLINIC FOUNDATION D/B/A OCHSNER HEALTH SYSTEM; BABI R. CHANDAMURI, M.D.; AND CHRISTOPHER F. LAWRENCE, M.D.

JUDGMENT RENDERED: **DEC 3 0 2024**

* * * * * * *

Appealed from the Thirty-Second Judicial District Court
Parish of Terrebonne • State of Louisiana
Docket Number 186272 • Division A

The Honorable Timothy C. Ellender, Jr., Presiding Judge

* * * * * * *

David L. Browne                           COUNSEL FOR APPELLANT
Metairie, Louisiana                       PLAINTIFF—Joey Paul Guidry, Jr.
  -and-
Pierre F. Gremillion
Metairie, Louisiana


Liz Baker Murrill                         COUNSEL FOR APPELLEE
*Attorney General*                        DEFENDANT—Christopher F.
Baton Rouge, Louisiana                    Lawrence, M.D.
  -and-
William E. Bourgeois
*Special Assistant Attorney General*
Morgan City, Louisiana

* * * * * * *

**BEFORE: McCLENDON, WELCH, AND LANIER, JJ.**

**WELCH, J.**

In this medical malpractice suit, Plaintiff, Joey Paul Guidry, Jr., appeals a summary judgment rendered in favor of Defendant, Christopher F. Lawrence, M.D., on the issues of liability and causation. For the following reasons, we vacate and remand.

## BACKGROUND

Plaintiff presented to Southern Regional Medical Center d/b/a Leonard J. Chabert Medical Center ("Chabert") in Houma, Louisiana on November 11, 2016, with complaints of abdominal pain. Plaintiff underwent a CT scan of his abdomen and pelvis. Dr. Lawrence, a radiologist at Chabert, read and interpreted Plaintiff's CT scan as indicative of gastric outlet obstruction or gastroparesis. Plaintiff's ordering physician referred him to Chabert's GI clinic. On November 15, 2016, Dr. Babi R. Chandamuri, a gastroenterologist with Chabert's GI clinic, performed an esophagogastroduodenoscopy ("EGD," also known as an upper endoscopy) with biopsy on Plaintiff. Dr. Chandamuri noted that the primary explanation of Plaintiff's symptoms could be gastroparesis or a distal obstructing lesion partially blocking the passage of food. Dr. Chandamuri recommended additional biopsies, a CT enterogram, gastric emptying scan, and a follow-up in the GI clinic. After Plaintiff's biopsy results showed no evidence of infection or cancer, additional tests were performed. On November 28, 2016, Dr. Chandamuri referred Plaintiff to surgery and scheduled a follow-up in Chabert's GI clinic.

Before healthcare providers at Chabert could complete their assessment of Plaintiff, he terminated his treatment at Chabert and sought treatment at Ochsner in New Orleans. Radiologists in New Orleans obtained new images and compared those with the images reviewed by Dr. Lawrence. Like Dr. Lawrence, the New Orleans radiologists did not visualize an abnormal mass. Ultimately, a surgeon in New Orleans identified a rare, non-cancerous neural sheath tumor in the distal

portion of Plaintiff's stomach during an exploratory surgery in June 2017; the surgeon removed the tumor. Thereafter, Plaintiff made a full recovery.

On November 10, 2017, Plaintiff filed a medical review panel ("MRP") complaint with the Louisiana Division of Administration, pursuant to the Malpractice Liability for State Services Act ("MLSSA"), La. R.S. 40:1237.1, *et seq.*, naming Dr. Lawrence, Dr. Chandamuri, and Chabert as defendants.[1] Plaintiff claimed that Defendants' treatment of him fell below the applicable standard of care in diagnosis and treatment. Plaintiff claimed he suffered "significant injuries ... including substantial weight loss, the placement of a feeding tube, multiple surgeries, and hospitalizations" as a result of Defendants' failure to diagnosis his gastric tumor.

On March 11, 2019, the MRP issued an opinion in which it unanimously found that the "evidence does not support the conclusion that the defendants failed to meet the applicable standard of care as charged in the complaint." The MRP gave reasons for its conclusion as to Dr. Lawrence, pertinently, as follows: "He made appropriate initial and subsequent imaging interpretations and outlined appropriate management of the patient. Furthermore, he demonstrated excellent coordination among the subsequent treating physicians in the care of this patient. His appropriate impressions and recommendations expedited evaluation and facilitated diagnosis."

## PROCEDURAL HISTORY

On June 28, 2019, Plaintiff filed a petition for damages against Chabert; Ochsner Clinic Foundation d/b/a Ochsner Health System ("OCF"), manager of Chabert;[2] Dr. Chandamuri; and Dr. Lawrence. Plaintiff made the same claims

_____

[1] Louisiana has two statutory "Parts" pertaining to medical malpractice liability: one regulating malpractice liability claims for medical services provided by state health care providers, the Malpractice Liability for State Services Act ("MLSSA"), La. R.S. 40:1237.1, *et seq.*; and the other regulating malpractice liability claims for medical services provided by qualified private health care providers, the Louisiana Medical Malpractice Act ("LMMA"), La. R.S. 40:1231.1, *et seq.* The MLSSA applies here given this suit involves state defendants.

[2] Following a hearing on a dilatory exception raising the objection of prematurity filed by OCF, the trial court sustained the exception and signed a consent judgment on November 30, 2020, which dismissed Plaintiff's claims against OCF without prejudice.

against Defendants as in his request for the MRP. Pertinent herein, Plaintiff alleged that Dr. Lawrence failed to recognize and report the presence of the tumor, which was a breach of the standard of care applicable to radiologists. Plaintiff further contended that Dr. Lawrence's breach of the standard of care caused Plaintiff to suffer injuries, resulting in damages.[3]

Thereafter, Chabert filed a motion for summary judgment on January 2, 2020. Chabert argued that Plaintiff had not identified an expert who could establish that Chabert breached the standard of care applicable to a hospital. Accordingly, Chabert argued Plaintiff had no evidence to meet his burden of proof under La. R.S. 9:2794(A), and thus, Plaintiff's claims against Chabert should be dismissed with prejudice. Dr. Lawrence and Dr. Chandamuri filed a joint motion for summary judgment on February 21, 2020. The doctors argued that Plaintiff had not identified an expert who could establish a deviation from the standard of care applicable to the doctors, nor causation. The trial court set Chabert's and the doctors' motions for summary judgment for hearing on April 24, 2020. The trial court continued the hearings on the two motions to June 26, 2020.

Plaintiff opposed Defendants' motions for summary judgment and submitted the affidavit of a radiology expert, Jordan Lloyd Haber, M.D., to opine as to the applicable standards of care and Defendants' alleged breaches thereof.

A minute entry for June 26, 2020 indicated that "[p]er communication received from" the parties, "a consent judgment will be submitted." Thereafter, the trial court signed a consent judgment on June 24, 2020 on the doctors' motion for summary judgment, which decreed that Dr. Lawrence withdrew his motion for summary judgment; granted Dr. Chandamuri's motion for summary judgment; dismissed all of Plaintiff's claims against Dr. Chandamuri with prejudice; decreed

---

[3] Per the parties' joint pre-trial statement, the parties stipulated that Dr. Lawrence was at all relevant times a state health care provider under the MLSSA.

4

that Dr. Chandamuri bore no fault and that no evidence shall be admitted at trial to establish or refer to his fault, directly or indirectly; and reserved Plaintiff's right to pursue his claims against the remaining defendants. As to Chabert's motion for summary judgment, the trial court signed a consent judgment on June 30, 2020, which granted Chabert's motion for summary judgment; dismissed all of Plaintiff's claims against Chabert with prejudice; decreed that Chabert bore no fault and that no evidence shall be admitted at trial to establish or refer to Chabert's fault, directly or indirectly; and reserved Plaintiff's right to pursue his claims against the remaining defendants.

Dr. Lawrence filed a second motion for summary judgment on July 27, 2023, and in conjunction therewith, filed a motion to strike the affidavit and exclude the testimony of Dr. Haber. Plaintiff had submitted Dr. Haber's affidavit in opposition to Defendants' previously-filed motions for summary judgment in 2020. Since the filing of those motions, Dr. Lawrence had deposed Dr. Haber. In moving to strike the affidavit of Dr. Haber and exclude his testimony, Dr. Lawrence contended that "Dr. Haber is a legally incompetent witness" who failed to meet the mandatory qualifications for experts set forth in La. R.S. 9:2794(D) and did not possess the knowledge, skill, experience, training, or education to testify as a qualified expert as required by La. C.E. art. 702. Accordingly, Dr. Lawrence argued that Plaintiff had not identified an expert who could either establish a deviation from the standard of care or causation. Dr. Lawrence claimed entitlement to summary judgment and a dismissal of Plaintiff's claims against him.[4] In support of his motion, Dr. Lawrence

---

[4] Specifically, Dr. Lawrence argued that during Dr. Haber's deposition, Dr. Haber demonstrated a blatant disregard for Dr. Lawrence's "reliable application of principles" and methods in reading and interpreting Plaintiff's scans, while praising other doctors who used the same language to read and interpret Plaintiff's scans that Dr. Lawrence used, in contravention of La. C.E. art. 702. Furthermore, Dr. Lawrence argued that Dr. Haber failed to meet the mandatory qualifications for experts set forth in La. R.S. 9:2794(D), including the requirement that qualified experts must be engaged in the active practice of medicine at the time of the testimony or the time that the claim arose. Dr. Lawrence argued that Dr. Haber testified that he has no hospital privileges and has not had any since 2006; has not billed for any health care services since 2006; and has never trained

submitted the affidavit of Michael J. Simon, the attorney chairman of the MRP, and attached the MRP opinion; the deposition of Dr. William Richardson and his curriculum vitae; the deposition of Dr. Matthew Rice; the deposition of Dr. Abdul Hamid El Chafic; the deposition of Dr. Jason Giardina and his curriculum vitae; and the deposition of Dr. Haber, with attached copies of computer screenshots of a video teleconference displaying medical scans.

The trial court set Dr. Lawrence's motion for summary judgment and motion to strike the affidavit and exclude the testimony of Dr. Haber for hearing on October 23, 2023. On October 5, 2023, Plaintiff filed his opposition to Dr. Lawrence's motion for summary judgment. Plaintiff submitted the affidavit of a radiology expert, Richard M. Gore, M.D., to opine as to the applicable standard of care and Dr. Lawrence's alleged breach thereof.[5] In further support of his opposition, Plaintiff submitted the affidavit of Dr. Haber.

On October 18, 2023, Dr. Lawrence filed a supplemental memorandum in support of his motion for summary judgment and motion to strike the affidavit and exclude the testimony of Dr. Haber, maintaining his argument that Dr. Haber did not qualify as an expert witness under La. R.S. 9:2794. Based on the affidavit of Dr. Gore filed in opposition to Plaintiff's motion for summary judgment, Dr. Lawrence requested a continuance of the hearing on his motions, or in the alternative, indicated he would withdraw his motion for summary judgment pending the deposition of Dr. Gore.

At the October 23, 2023 hearing, the trial court continued the hearing on Dr. Lawrence's motion for summary judgment without date and then proceeded to hear arguments on the motion to strike the affidavit of Dr. Haber and exclude his

---

residents or students at an accredited school of medicine. Dr. Haber also admitted that as a radiologist, he could not testify regarding causation.

[5] Attached to Dr. Gore's affidavit was his curriculum vitae and a letter from Dr. Gore to Plaintiff's counsel containing his medical opinion.

testimony. At the conclusion of the hearing, the trial court granted Dr. Lawrence's motion to strike the affidavit of Dr. Haber and to exclude his testimony. The trial court signed a judgment in conformity therewith on November 7, 2023.[6]

Thereafter, the parties submitted a joint pre-trial statement on November 6, 2023, in advance of the jury trial scheduled to begin on January 9, 2024. Then, counsel for Dr. Lawrence was able to depose Plaintiff's expert, Dr. Gore, on November 15 and 30, 2023.

---

[6] At the outset, we note that the "motion to strike" was removed from La. C.C.P. art. 966 as a means of challenging the admissibility of evidence filed in connection with a motion for summary judgment. See 2015 La. Acts No. 422, §1 (eff. Jan. 1, 2016). Pursuant to that amendment, the version of La. C.C.P. art. 966(D)(2) applicable to the instant appeal, see FN 9 *infra*, provided that "[a]ny objection to a document shall be raised in a timely filed opposition or reply memorandum." Additionally, Comment (k) of the 2015 Comments to La. C.C.P. art. 966 states that "[Article 966(D)(2)] changes prior law by specifically removing the motion to strike as a means of raising an objection to a document offered by an adverse party in support of or in opposition to a motion for summary judgment and [this article] does not allow a party to file that motion." The intent of La. C.C.P. art. 966(D)(2) was to make mandatory that any objection to a document filed in support of or in opposition to a motion for summary judgment must be objected to in a timely filed opposition or reply memorandum, not in a "motion to strike" or other pleading. **Horton v. St. Tammany Fire Protection District #4**, 2021-0423 (La. App. 1 Cir. 12/30/21), 340 So.3d 994, 999.

Nevertheless, the characterization of a pleading by the litigant is not controlling, and the duty of the courts is to look through a pleading's caption to ascertain its substance and do substantial justice to the parties. See **Greene v. Succession of Alvarado**, 2015-1960, 2015-1961 (La. App. 1 Cir. 12/27/16), 210 So.3d 321, 339. Thus, regardless of Dr. Lawrence's decision to caption his motion as a "Motion to Strike" and "Motion to Exclude" the purpose of the motion is clearly to challenge the admissibility of the expert opinion of Dr. Haber pursuant to La. C.C.P. art. 1425, which is permissible in the context of summary judgment. See **Independent Fire Insurance Co. v. Sunbeam Corp.**, 99-2181, 99-2257 (La. 2/29/00), 755 So.2d 226, 235-36 (adopting the **Daubert** standards for admissibility of expert opinion evidence at the summary judgment stage, now codified in La. C.E. art. 702). See also **Adolph v. Lighthouse Property Insurance Corp.**, 2016-1275 (La. App. 1 Cir. 9/8/17), 227 So.3d 316, 320 ("[T]he only proper procedure to challenge the qualifications of an expert who has prepared an affidavit in opposition to a motion for summary judgment is pursuant to La. C.C.P. art. 1425[.]").

To any extent that Plaintiff has complained that the procedural requirements of La. C.C.P. art. 1425 were not complied with, those objections are waived. Plaintiff filed an opposition to Dr. Lawrence's motion to strike/exclude, fully participated in the hearing on the motion to strike/exclude, and at no time objected to any improper procedure. See **Shepherd v. Schedler**, 2015-1750 (La. 1/27/16), 209 So.3d 752, 777 (on rehearing). See also Uniform Rules–Courts of Appeal, Rule 1-3 ("Courts of Appeal shall review issues that were submitted to the trial court[.]").

Although not applicable to the instant appeal, we further note that 2023 La. Acts No. 317, §1 (eff. Aug. 1, 2023) added La. C.C.P. art. 966(D)(3), which provides that "[i]f a timely objection is made to an expert's qualifications or methodologies in support of or in opposition to a motion for summary judgment, any motion in accordance with Article 1425(F) to determine whether the expert is qualified or the expert's methodologies are reliable shall be filed, heard, and decided prior to the hearing on the motion for summary judgment." Additionally, 2024 La. Acts No. 371, §1 (eff. Aug. 1, 2024) amended La. C.C.P. art. 1425(F) to require that a party seeking to challenge whether a witness qualifies as an expert or whether the methodologies employed by the witness are reliable "*shall* file a motion for a pretrial hearing." (Emphasis added).

On December 7, 2023, Dr. Lawrence filed a motion for an expedited hearing on his "previously filed and now supplemented" motion for summary judgment. Dr. Lawrence argued that Dr. Gore could not testify as to causation. Without a qualified medical expert to testify at trial with regard to the causal relationship of a breach of the standard of care and any alleged injuries and damages sustained by Plaintiff, he could not prevail at trial and summary judgment was warranted. In support of his motion for summary judgment, Dr. Lawrence supplemented his previously-filed motion with the deposition of Dr. Gore and the affidavit of Dr. Chandamuri.

The trial court set Dr. Lawrence's motion for summary judgment for hearing on December 18, 2023. Plaintiff opposed Dr. Lawrence's motion for an expedited setting and opposed the supplementation of Dr. Lawrence's previously-filed motion for summary judgment. Following the December 18, 2023 hearing, the trial court signed a judgment on January 5, 2024, that granted Dr. Lawrence's motion for summary judgment and dismissed Plaintiff's claims.[7] Plaintiff now appeals.[8]

## SUMMARY JUDGMENT

At the outset, we note that we must apply the prior version of La. C.C.P. art. 966 in effect on July 27, 2023, when Dr. Lawrence filed his motion for summary judgment. See e.g., **McKay v. Hospital Service District No. 1 of Tangipahoa Parish**, 2023-1244 (La. App. 1 Cir. 10/11/24), ___ So.3d ___, ___ n.2, 2024 WL 4471779, *1 n.2.[9]

---

[7] The trial court's January 5, 2024 judgment did not indicate whether Plaintiff's claims were dismissed with or without prejudice. When a judgment is silent as to whether it is being dismissed with or without prejudice, the dismissal must be without prejudice. **Collins v. Ward**, 2015-1993 (La. App. 1 Cir. 9/16/16), 204 So.3d 235, 239.

[8] Plaintiff filed a motion for devolutive appeal on February 14, 2024. The trial court signed an order of appeal on February 16, 2024, notice of which was transmitted by the Clerk of Court to the parties on February 22, 2024.

[9] Louisiana Code of Civil Procedure article 966 was recently amended by 2023 La. Acts No. 317, §1 (eff. Aug. 1, 2023), and 2023 La. Acts No. 368, §1 (eff. Aug. 1, 2023). Here, Dr. Lawrence filed his motion for summary judgment on July 27, 2023, *prior to* the August 1, 2023 effective date of Acts 317 and 368. Plaintiff filed his opposition on October 5, 2023, and the hearing on the motion was held on December 18, 2023, *after* the August 1, 2023 effective date of Acts 317 and

A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. **Murphy v. Savannah**, 2018-0991 (La. 5/8/19), 282 So.3d 1034, 1038 (*per curiam*). After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3); **Campbell v. Dolgencorp, LLC**, 2019-0036 (La. App. 1 Cir. 1/9/20), 294 So.3d 522, 526.

The burden of proof on a motion for summary judgment rests with the mover. La. C.C.P. art. 966(D)(1); **Lucas v. Maison Insurance Co.**, 2021-1401 (La. App. 1 Cir. 12/22/22), 358 So.3d 76, 84. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense. Instead, after meeting his initial burden of showing that there are no genuine issues of material fact, the mover may point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, summary judgment shall be granted unless the adverse party can produce factual evidence sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. See La. C.C.P. art. 966(D)(1); **Lucas**, 358 So.3d at 84.

---

368. This court has determined that the 2023 amendments to La. C.C.P. art. 966 (that may be applicable in any given matter) are substantive and cannot be applied retroactively. See La. C.C.P. art. 966, Comments--2023, Comment (F); **Martin v. ISC Constructors, L.L.C.**, 2023-0707 (La. App. 1 Cir. 3/13/24), 387 So.3d 630, 634 n.5; **Ricketson v. McKenzie**, 2023-0314 (La. App. 1 Cir. 10/4/23), 380 So.3d 1, 6. Although Act 317 amended Article 966(A)(4)(a), (4)(b), and (D)(2) to provide a new list of supporting documents and a procedure for reference to documents previously filed into the record, and Act 368 amended Article 966(G) on the use of evidence at trial regarding the non-fault of party or nonparty, those amendments are substantive and cannot be applied retroactively. Thus, we must apply the prior version of La. C.C.P. art. 966 in effect on July 27, 2023, when Dr. Lawrence filed his motion for summary judgment. See, e.g., **Knox v. Am. Nat'l Ins. Co.**, 2023-0758 (La. App. 1 Cir. 5/9/24), 2024 WL 2097177, *3 n.5 (unpublished).

Appellate courts review the grant or denial of a motion for summary judgment *de novo* using the same criteria applied by the trial courts to determine whether summary judgment is appropriate. **Leet v. Hospital Service District No. 1 of East Baton Rouge Parish**, 2018-1148 (La. App. 1 Cir. 2/28/19), 274 So.3d 583, 587. In ruling on a motion for summary judgment, the court's role is not to evaluate the weight of the evidence or to make a credibility determination, but instead to determine whether or not there is a genuine issue of material fact. **Collins v. Franciscan Missionaries of Our Lady Health System, Inc.**, 2019-0577 (La. App. 1 Cir. 2/21/20), 298 So.3d 191, 194, writ denied, 2020-00480 (La. 6/22/20), 297 So.3d 773. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. **Chapman v. Haynes**, 2022-0288 (La. App. 1 Cir. 9/16/22), 352 So.3d 1023, 1027.

## LAW & DISCUSSION

On appeal, Plaintiff argues that the district court erred in setting Dr. Lawrence's motion for summary judgment for hearing on December 18, 2023.[10] Plaintiff argued that the filing of the motion to expedite the hearing on Dr. Lawrence's motion for summary judgment, and the filing of the supplemental exhibits in support of that motion for summary judgment on December 7, 2023—thirty-three days prior to the January 9, 2024 trial date—violated La. C.C.P. art. 966(B)(1), which mandates that "[a] motion for summary judgment and all documents in support of the motion shall be filed and served on all parties in accordance with Article 1313 not less than sixty-five days prior to the trial." Additionally, Plaintiff argued that the trial court's setting of the hearing on Dr. Lawrence's motion for summary judgment on December 18, 2023—twenty-two

---

[10] Assignments of Error nos. 2 and 3.

days prior to the January 9, 2024 trial date—violated La. C.C.P. art. 966(C)(1)(a), which requires that the contradictory hearing on a motion for summary judgment be set not less than thirty days prior to the trial date unless otherwise agreed to by all of the parties and the trial court.

### Article 966(B)(1) – Mover's Motion for Summary Judgment and Supporting Documents – Sixty-Five Day Filing Requirement

Summary judgment proceedings are not conducted with rapidity, but are governed by statutorily-set deadlines, require citation, specific burdens of proof, the filing of specific supporting documentation, and a noticed contradictory hearing. **Rover Group, Inc. v. Clark**, 2021-1365 (La. App. 1 Cir. 4/8/22), 341 So.3d 842, 847, <u>writ denied</u>, 2022-00766 (La. 9/20/22), 346 So.3d 287. The law is clear that the trial court—and the appellate court on *de novo* review—may consider only those exhibits attached to the timely-filed motion for summary judgment and opposition. La. C.C.P. art. 966(D)(2); La. C.C.P. art. 966(B)(3); La. C.C.P art. 966(A)(4). <u>See</u> <u>also</u> **Jones v. Baton Rouge General Medical Center-Bluebonnet**, 2020-1250 (La. App. 1 Cir. 6/4/21), 327 So.3d 512, 516-17.

In **Auricchio v. Harriston**, 2020-01167 (La. 12/10/21), 332 So.3d 660, the Louisiana Supreme Court addressed whether a trial court had discretion to consider a late-filed opposition based on La. C.C.P. art. 966(B)(2), which requires that any opposition to a motion for summary judgment and all supporting documents "shall be filed and served" not less than fifteen days prior to the hearing on the motion. The **Auricchio** court ultimately concluded that it did not have discretion to consider a late-filed opposition, holding that the Legislature's use of "shall be filed" in La. C.C.P. art. 966(B)(2) is clear and unambiguous, and the word "shall" is mandatory,

excluding the possibility of being optional or subject to discretion. **Auricchio**, 332 So.3d at 663.[11]

Louisiana Code of Civil Procedure article 966(B)(1), as applicable herein, requires that "[a] motion for summary judgment and all documents in support of the motion shall be filed … not less than sixty-five days prior to the trial." We apply the same reasoning in **Auricchio** to La. C.C.P. art. 966(B)(1)'s "shall be filed" requirement as the **Auricchio** court did to La. C.C.P. art. 966(B)(2)'s "shall be filed" requirement. That is, because Dr. Lawrence failed to timely file his supplemental memorandum and supplemental evidence (the deposition of Dr. Gore and the affidavit of Dr. Chandamuri) in support of his motion for summary judgment—not less than sixty-five days prior to trial—the trial court did not have discretion to consider those supporting documents because they were untimely filed. Compliance with the deadlines set for filing documents in a motion for summary judgment proceeding are mandatory, without regard to cause or prejudice. See **Auricchio**, 332 So.3d at 663; **Matter of Succession of Breen**, 2021-0806, 2021-0807 (La. App. 1 Cir. 7/11/23), 370 So.3d 1114, 1125 (*en banc*). While La. C.C.P. art. 967(C) permits a court to order continuances for affidavits to be obtained or depositions to be taken, such supplementation must still be timely filed. **Stonetrust Commercial Ins. Co. v. Stevenson**, 2021-0721, 2021-0722 (La. App. 1 Cir. 3/3/22), 341 So.3d 819, 824. Evidence not timely filed can be ruled inadmissible and properly excluded by the trial court. **Ramus v. KCJS Trucking, LLC**, 2019-0039, 2019-0040 (La. App. 1

---

[11] The **Auricchio** court recognized the trial court could have continued the summary judgment hearing for good cause under the provisions of La. C.C.P. art. 966(C)(2), although the trial court in that case did not do so. **Auricchio**, 332 So.3d at 663. The Supreme Court subsequently clarified the holding of **Auricchio** in **Mahe v. LCMC Health Holdings LLC**, 2023-00025 (La. 3/14/23), 357 So.3d 322 (*per curiam*), explaining that a continuance under La. C.C.P. art. 966(C)(2) cannot serve as a pretext to circumvent the deadlines set forth in La. C.C.P. art. 966(B)(2). See **Hadwin v. ABC Ins. Co.**, 2024-00072 (La. 4/9/24), 382 So. 3d 827, 829 (*per curiam*). In **Mahe**, the plaintiff argued the fact that her expert was out of town constituted good cause for a continuance. However, the plaintiff failed to move for a continuance prior to the expiration of the fifteen-day deadline to file an opposition. The **Mahe** court concluded these facts did not constitute a showing of good cause for purposes of granting a continuance under La. C.C.P. art. 966(C)(2). **Mahe**, 357 So.3d at 322.

Cir. 9/27/19), 287 So.3d 728, 734. No additional documents in support of the motion for summary judgment may be filed once the motion is opposed. See La. C.C.P. art. 966(B)(3); **Ramus**, 287 So.3d 728 at 732. Accordingly, we find that the trial court did not have the discretion to consider Dr. Lawrence's late-filed memorandum and evidence in support of his motion for summary judgment because those documents were not filed within the mandatory time limitations set forth in La. C.C.P. art. 966(B)(1). Therefore, to the extent the trial court considered Dr. Lawrence's late-filed memorandum and evidence in granting Dr. Lawrence's motion, the trial court erred.

## Article 966(C)(1)(a) – Thirty Day Hearing Requirement

Louisiana Code of Civil Procedure article 966(C)(1)(a) and (b), as applicable herein, requires that unless otherwise agreed to by all of the parties and the court, "[a] contradictory hearing on the motion for summary judgment shall be set not less than thirty days after the filing and not less than thirty days prior to the trial date[,]" and "[n]otice of the hearing date shall be served on all parties in accordance with Article 1313(C) or 1314 not less than thirty days prior to the hearing."

A trial court has no discretion to allow a hearing to proceed in violation of the mandated hearing and notice requirements of La. C.C.P. art. 966(C)(1)(a) and (b), unless agreed to by the parties and the court. See **Holleman v. Golden Nugget Lake Charles, LLC**, 2021-611 (La. App. 3 Cir. 5/25/22), 339 So.3d 731, 733. Under well-established rules of interpretation, the word "shall" excludes the possibility of being "optional" or even subject to "discretion," but instead "shall" means "imperative, of similar effect and import with the word 'must.'" **Louisiana Federation of Teachers v. State**, 2013-0120, 2013-0232, 2013-0350 (La. 5/7/13), 118 So.3d 1033, 1051.

Here, the trial court set the hearing on Dr. Lawrence's motion for summary judgment on December 18, 2023—twenty-two days prior to the January 9, 2024 trial date—in clear violation of La. C.C.P. art. 966(C)(1)(a)'s thirty-day hearing rule.

Based on the arguments set forth in his opposition and briefs on appeal, Plaintiff clearly did not agree to waive La. C.C.P. art. 966(C)(1)(a)'s thirty-day hearing requirement. Therefore, we find that the trial court legally erred in setting a contradictory hearing less than thirty days prior to the trial date and granting Dr. Lawrence's motion for summary judgment.

## Conclusion

Based on the foregoing, we hold that the trial court legally erred in setting a contradictory hearing on Dr. Lawrence's motion for summary judgment less than thirty days prior to the trial date and granting the motion. That ruling violates the mandatory requirement of La. C.C.P. art. 966(C)(1)(a), which requires that unless otherwise agreed to by all of the parties and the court, "[a] contradictory hearing on the motion for summary judgment shall be set not less than thirty days after the filing and not less than thirty days prior to the trial date." Furthermore, the trial court did not have the discretion to consider Dr. Lawrence's late-filed supplemental memorandum and evidence in support of his motion because those documents were not timely filed within the mandatory time limitations set forth in La. C.C.P. art. 966(B)(1), which requires that "[a] motion for summary judgment and all documents in support of the motion shall be filed ... not less than sixty-five days prior to the trial."

We express no opinion as to the merits of the motion for summary judgment. Instead, we hold only that the procedure employed with regard to the filing of supporting documents and the setting of the contradictory hearing was improper. Further, nothing in this opinion precludes Dr. Lawrence from filing a new motion for summary judgment. See, e.g., **Goodson v. City of Zachary**, 2021-0240 (La. App. 1 Cir. 12/10/21), 341 So.3d 44, 53 n.2.[12]

---

[12] In light of our holding, we pretermit discussion of Plaintiff's first assignment of error.

14

## DECREE

We vacate the trial court's January 5, 2024 judgment and remand this matter to the trial court for further proceedings consistent with this opinion. Costs of this appeal, in the amount of $4,440.00, are assessed to Defendant/Appellee, Christopher F. Lawrence, M.D.

**VACATED AND REMANDED.**